UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CAROL KAPLAN,                                   :
                                                :
                Plaintiff,                 :
                                                :
         v.                                  :
                                                :
UNITED STATES OF AMERICA,                       :     14 Civ. 8498 (AT) (DCF)
GIFFUNI BROTHERS, and MERIT                     :
OPERATING CORP.                                 :
                                                :
                Defendants.                :
------------------------------------------------------------x

# PROPOSED JOINT PRE-TRIAL ORDER

I. **Trial Counsel**

    a. **Plaintiff Carol Kaplan**
       Marc Howard Miner, Esq.
       Zalman Schnurman & Miner P.C.
       1430 Broadway, Suite 1802
       New York, New York 10018
       Tel.: 212-668-0059
       Fax:  212-514-7072
       Cell:  516-902-9756

    b. **Defendant, Cross-Claimant, Cross-Defendant United States of America**
       Leigh Aaron Wasserstrom, AUSA
       Natasha Waglow Teleanu, AUSA
       United States Attorney's Office, S.D.N.Y.
       86 Chambers Street, 3rd Floor
       New York, New York 10007
       Tel.:  212-637-3274/2528
       Fax:  212-637-2786
       Cell:  917-805-8947/352-359-8398

    c. **Defendants, Cross-Claimants, Cross-Defendants Giffuni Brothers and Merit Operating Corp.**
       Vincent P. Pozzuto, Esq.
       Cozen O'Connor
       45 Broadway, 16th Floor
       New York, New York 10006
       Tel.:  212-509-9400
       Fax:  212-509-9492

       Cell:   914-980-4094

II.    **The parties do not consent to trial before a magistrate judge.**

III.    **Subject Matter Jurisdiction**

    a.  The Court has jurisdiction pursuant to the Federal Tort Claims Act, 28 USC § 1346(b), with regard to the United States; as to defendants Giffuni Bros., and Merit Operating Corp. this Court has supplemental jurisdiction.

    b.  Pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671-80, the United States is liable for "personal injury or death caused by the negligent and wrongful act or omission of any employees of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 2346(b).   This Court has subject matter jurisdiction over Plaintiff's claims against the United States pursuant to 28 U.S.C. § 1346(b).

    c.  As the United States is a defendant, the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) including Plaintiff's claims against Giffuni Brothers and Merit Operating Corp.

IV.    **Claims and Defenses**

    a.  Plaintiff's claims: plaintiff's accident was caused by the joint/several and/or concurrent negligence of the defendants and/or the defendants' agents, employees and licensees:

        i.  In causing, creating and permitting said premises to be in a dangerous or hazardous condition;

        ii.  In causing and allowing and/or permitting a trap to exist at said location;

        iii.  In failing to maintain the walking area in said location in a reasonably safe condition;

        iv.  In failing to provide plaintiff a safe and proper ingress and egress;

        v.  In allowing, placing, or leaving a mail bag to be on the floor, which constituted a trap, nuisance and menace and danger to persons lawfully on the premises, and prevented plaintiff's safe passage;

        vi.  In failing to take the necessary steps and measures to have prevented the above mentioned location from being used while in the dangerous condition;

    vii.  In failing to give plaintiff adequate and timely signal, notice or warning of said condition;

    viii.  In the negligent operation, management, maintenance and control of the aforesaid premises and lobby;

    ix.  In negligently and carelessly causing and permitting the above premises to be and remain in said condition for an unreasonable length of time, resulting in a hazard to plaintiff;

    x.  That the defendants breached a duty owed to plaintiff;

    xi.  That the injuries sustained herein by plaintiff were proximately caused by the negligence of the defendants without any negligence on plaintiff's part, in that plaintiff used reasonable care at all times herein;

    xii.  That the plaintiff incurred pain and suffering and a loss of enjoyment of life, as a result of the injuries suffered;

    xiii.  That the plaintiff incurred medical expenses and out of pocket expenses as a result of the injuries suffered;

    xiv.  That some of plaintiff's injuries include an aggravation of previously asymptomatic conditions;

    xv.  That plaintiff continues to suffer from the injuries, and will continue to suffer in the future;

    xvi.  That plaintiff is entitled to compensation for future economic losses relative to medical costs and non-economic losses

b. The United States of America asserts the following defenses in the trial of this action:

    i.  Any injuries sustained by Plaintiff Carol Kaplan were sustained without any negligence or fault or want of due care by the United States of America or its employees or agents acting within the scope and course of employment.

    ii.  The injuries and damages alleged by Plaintiff Carol Kaplan were not proximately caused by any negligent act or omission of the United States of America or any employee or agent of the United States of America acting within the scope and course of employment.

    iii.  The injuries and damages alleged by Plaintiff Carol Kaplan were caused in whole or in part by the culpable conduct of others, known or unknown, over

        whom the United States of America exercised no control, and any recovery must be proportionately reduced.

iv. Any damages sustained by Plaintiff Carol Kaplan were caused in whole or in part by the acts or omissions of co-defendants Giffuni Brothers and Merit Operating Corp., who are liable to the United States of America for contribution on the basis of their equitable shares of responsibility, or for indemnity on the basis of an actual or implied contract between them.

v. The United States of America did not breach any duty of care owed to Plaintiff Carol Kaplan.

vi. The United States of America did not create or have actual or constructive notice of the alleged hazardous conditions, if any, and in addition to having no relevant duty, it did not have a reasonable amount of time in which to remedy the alleged hazardous conditions, if any.

vii. The alleged hazardous conditions, if any, were of an open, obvious, and apparent nature and were or should have been known to Plaintiff Carol Kaplan.

viii. Plaintiff Carol Kaplan's recovery against the United States in this action, if any, is limited to $750,000.00, the amount stated in her administrative claim.   28 U.S.C. § 2675(b).

ix. Plaintiff Carol Kaplan's claims against the United States are subject to, and limited by, the Federal Tort Claims Act.   28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671-2860.

x. Plaintiff Carol Kaplan is not entitled to a trial by jury against the United States of America.   28 U.S.C. § 2402.

xi. The United States of America is not liable for interest prior to judgment or for punitive or special damages.   28 U.S.C. § 2674.

xii. Plaintiff Carol Kaplan may not recover costs in excess of those costs permitted by 28 U.S.C. § 2412, and to the extent that attorney's fees are paid out of the judgment, they may only be paid in accordance with 28 U.S.C. § 2678.

xiii. Plaintiff Carol Kaplan's recovery, if any, must be reduced to the extent that she failed to mitigate her damages.

xiv. Plaintiff Carol Kaplan failed to exercise reasonable care and was wholly or partially responsible for her damages, if any.

- xv. The liability of the United States of America, if any, with respect to any claim by Plaintiff Carol Kaplan for non-economic loss, is limited pursuant to N.Y. Civil Practice Law and Rules § 1601, to an equitable share determined in accordance with the relative culpability of all persons or entities causing or contributing to the total liability for non-economic loss.

- xvi. Plaintiff Carol Kaplan's recovery, if any, must be reduced pursuant to the collateral source statute, N.Y. Civil Practice Law and Rules § 4545(c), and any other applicable New York State law, by those amounts that have been, or will, with reasonable certainty, be reimbursed or indemnified, in whole or part, from any collateral source, including but not limited to insurance, Social Security, Worker's Compensation, or employee benefit programs.

- xvii. Any amount of damages recoverable by Plaintiff Carol Kaplan must be diminished in proportion to the culpable conduct attributable to Plaintiff in accordance with § 1411 of the N.Y. Civil Practice Law and Rules.

- xviii. Any recovery by Plaintiff is subject to the availability of appropriated funds.   42 U.S.C. § 233(k).

c. Defendants Giffuni Brothers and Merit Operating Corp. assert the following defenses in the trial of this matter:

- i. Any injuries sustained by Plaintiff Carol Kaplan were sustained without any negligence or fault or want of due care by Defendants Giffuni Brothers and Merit Operating Corp. or their employees or agents acting within the scope and course of employment.

- ii. The injuries and damages alleged by Plaintiff Carol Kaplan were not proximately caused by any negligent act or omission of the Defendants Giffuni Brothers and Merit Operating Corp. or their employees or agents acting within the scope and course of employment.

- iii. The injuries and damages alleged by Plaintiff Carol Kaplan were caused in whole or in part by the culpable conduct of others, known or unknown, over whom the Defendants Giffuni Brothers and Merit Operating Corp. exercised no control, and any recovery must be proportionately reduced.

- iv. Any damages sustained by Plaintiff Carol Kaplan were caused in whole or in part by the acts or omissions of co-defendant the United States, which is liable to Defendants Giffuni Brothers and Merit Operating Corp. on the basis of its equitable share of responsibility, or for indemnity.

- v. Defendants Giffuni Brothers and Merit Operating Corp. did not breach any duty of care owed to Plaintiff Carol Kaplan.

    vi. Defendants Giffuni Brothers and Merit Operating Corp. did not create or have actual or constructive notice of the alleged hazardous conditions, if any.

    vii. The alleged hazardous conditions, if any, were of an open, obvious, and apparent nature and were or should have been known to Plaintiff Carol Kaplan.

    viii. Plaintiff Carol Kaplan's recovery, if any, must be reduced to the extent that she failed to mitigate her damages.

    ix. Plaintiff Carol Kaplan failed to exercise reasonable care and was wholly or partially responsible for her damages, if any.

    x. The liability of the Defendants Giffuni Brothers and Merit Operating Corp. if any, with respect to any claim by Plaintiff Carol Kaplan for non-economic loss, is limited pursuant to N.Y. Civil Practice Law and Rules § 1601, to an equitable share determined in accordance with the relative culpability of all persons or entities causing or contributing to the total liability for non-economic loss.

    xi. Plaintiff Carol Kaplan's recovery, if any, must be reduced pursuant to the collateral source statute, N.Y. Civil Practice Law and Rules § 4545(c), and any other applicable New York State law, by those amounts that have been, or will, with reasonable certainty, be reimbursed or indemnified, in whole or part, from any collateral source, including but not limited to insurance, Social Security, Worker's Compensation, or employee benefit programs.

    xii. Any amount of damages recoverable by Plaintiff Carol Kaplan must be diminished in proportion to the culpable conduct attributable to Plaintiff in accordance with § 1411 of the N.Y. Civil Practice Law and Rules.

**V. Trial.** The parties anticipate that trial will last eight days, including jury selection and jury deliberations. The case will be tried to a jury as to defendants Giffuni Brothers and Merit Operating Corp. and to the Court as to defendant United States of America. *See Presley v. United States Postal Serv.*, 317 F.3d 167, 175 (2d Cir. 2003) (holding that the court must make independent findings of fact and conclusions of law, and acknowledging that any jury verdict is at best advisory as to the United States in a Federal Tort Claim Act action).

VI. **Stipulations of fact and law**

    a. Defendant Giffuni Brothers is the owner of the building located at 353 East 83rd Street, New York, New York.

    b. Defendant Merit Operating Corp. is the managing agent for the property located at 353 East 83rd Street, New York, New York.

    c. Rudy Neris was employed by Defendant Giffuni Brothers, and was acting within the scope of his employment on the date of the accident.

    d. Peter Belu was employed by Defendant Giffuni Brothers on the date of the accident.

    e. Luis Martinez was employed by Defendant Giffuni Brothers on the date of the accident.

    f. Cynthia Gonzalez was employed by Defendant Merit Operating Corp. on the date of the accident.

    g. Deana Spady was employed by the United States Postal Service, and was acting within the scope of her employment on the date of the accident.

    h. Tu M. Tu was employed by the United States Postal Service on the date of the accident.

    i. Defendant United States owns the United States Postal Service parcel bag over which Plaintiff Carol Kaplan alleges that she fell.

VII. **Trial Witnesses (all live testimony)**

    a. Plaintiff Carol Kaplan will testify regarding the alleged accident at issue and her injuries and their effects resulting therefrom.

    b. Plaintiff's husband, Murray Kaplan, will testify regarding Plaintiff's injuries from the alleged accident and their effects.

    c. United States Postal Service employee Deana Spady will testify regarding mail delivery to the 353 East 83rd Street, New York, New York building and the alleged accident at issue.

    d. United States Postal Service employee Tu M. Tu will testify regarding the United States Postal Service investigation into the alleged accident at issue.

    e. Giffuni Brothers employee Peter Belu will testify regarding his work as a doorman at the 353 East 83rd Street, New York, New York building, building policy, and the alleged accident at issue and/or the alleged circumstances regarding same.

    f. Giffuni Brothers employee Ruddy Neris will testify regarding his work as a doorman at the 353 East 83rd Street, New York, New York building, building policy, and the alleged accident at issue and/or the alleged circumstances regarding same.

    g. Giffuni Brothers former employee Luis Martinez (now employed by Merit Operating Corp.) will testify regarding his work as the former superintendent at the 353 East 83rd Street, New York, New York building, building policy, the alleged accident at issue and/or the alleged circumstances regarding same.

    h. Merit Operating Corp. employee Cynthia Gonzalez is the office administrator for Merit Operating Corp., the managing agent for the building located at 353 East 83rd Street, New York, New York, and will testify about building policy, the alleged accident at issue, and/or the alleged circumstances regarding same.

    i. Dr. Fred Cushner, M.D., will testify regarding his treatment of Plaintiff Carol Kaplan, and offer expert opinion.[1]

    j. Dr. Elliot Hershman, M.D., will testify regarding his treatment of Plaintiff Carol Kaplan, and offer expert opinion.[2]

---

[1] Defendants United States of America, Giffuni Brothers, and Merit Operating Corp. object to this witness testifying as an expert witness because Plaintiff belatedly produced the required expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(C) via e-mail on March 8, 2016, and such disclosures are untimely, pursuant to Federal Rule of Civil Procedure 26(a)(2)(D).

[2] Defendants United States of America, Giffuni Brothers, and Merit Operating Corp. object to this witness testifying as an expert witness because Plaintiff belatedly produced the required expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(C) via e-mail on March 8, 2016, and such disclosures are untimely, pursuant to Federal Rule of Civil Procedure 26(a)(2)(D).

    k. Dr. Dov J. Berkowitz, M.D., will testify regarding Plaintiff Carol Kaplan's injuries, and offer expert opinion.[3]

    l. Dr. David S. Weiss, M.D., will testify as defendants' expert witness regarding Plaintiff Carol Kaplan's injuries.

## VIII. Deposition Testimony

    a. At this time, the parties do not anticipate having to designate deposition testimony, as all witnesses will appear live. However, to the extent a witness becomes unavailable at the time of trial, deposition testimony may be offered from any of the above named live witnesses.

## IX. Exhibits

### a. Joint Exhibits Offered by Plaintiff Carol Kaplan and Defendants United States of America, Giffuni Brothers, and Merit Operating Corp.:

    i. Joint Exhibit 1: United States Postal Service parcel bag model

    ii. Joint Exhibit 2: Spady handwritten statement (USA 0138-39)

    iii. Joint Exhibit 3: U.S. Postal Service Accident Investigation Worksheet (USA 0134-0137)

    iv. Joint Exhibit 4: Photograph of hallway (Pl.'s Ex. 1, 4/1/2015)

    v. Joint Exhibit 5: Photograph of hallway (Pl.'s Ex. 2, 4/1/2015)

    vi. Joint Exhibit 6: Photograph of mail alcove (Pl.'s Ex. 3, 4/1/2015)

    vii. Joint Exhibit 7: Neris handwritten report (Pl.'s Ex. 1B, 4/14/2015)

    viii. Joint Exhibit 8: Martinez handwritten statement (Pl.'s Ex. 2, 4/14/2015)

        1. Plaintiff objects to the January 10, 2013 entry.

---

[3] Pending a determination by the Court, Plaintiff lists Dr. Berkowitz as a witness in the event she cannot rely on Dr. Cushner and Dr. Hershman to provide expert testimony. Defendants United States of America, Giffuni Brothers, and Merit Operating Corp. object to this witness testifying as an expert witness at trial because Plaintiff has not yet produced him for a deposition, as requested by Defendants, and ordered by the Court. *See* Dkt. No. 44. Plaintiff has stated that she will produce Dr. Berkowitz for a deposition, and call him to testify at trial, in the event that the Court grants the defendants objections as to Drs. Cushner and Hershman.

  ix. Joint Exhibit 9: Incident Reporting Form (Pl.'s Ex. 3, 4/14/2015)

  x. Joint Exhibit 10: Photograph (Pl.'s Ex. 4, 4/14/2015)

  xi. Joint Exhibit 11: Photograph (Pl.'s Ex. 5, 4/14/2015)

  xii. Joint Exhibit 12: Photograph (Pl.'s Ex. 6, 4/14/2015)

  xiii. Joint Exhibit 13: Photograph (Pl.'s Ex. 7, 4/14/2015)

  xiv. Joint Exhibit 14: Photograph (Pl.'s Ex. 8, 4/14/2015)

  xv. Joint Exhibit 15: Photograph (Pl.'s Ex. 9, 4/14/2015)

  xvi. Joint Exhibit 16: Medical Record (Cushner Dep. Ex. 2, 10/8/15)

  xvii. Joint Exhibit 17: Medical Record (Cushner Dep. Ex. 3, 10/8/15)

  xviii. Joint Exhibit 18: Medical Record (Cushner Dep. Ex. 4, 10/8/15)

  xix. Joint Exhibit 19: Medical Record (Cushner Dep. Ex. 5, 10/8/15)

  xx. Joint Exhibit 20: Medical Record (Cushner Dep. Ex. 6, 10/8/15)

  xxi. Joint Exhibit 21: Medical Record (Cushner Dep. Ex. 7, 10/8/15)

  xxii. Joint Exhibit 22: Medical Record (Cushner Dep. Ex. 8, 10/8/15)

  xxiii. Joint Exhibit 23: Medical Record (Cushner Dep. Ex. 9, 10/8/15)

  xxiv. Joint Exhibit 24: Medical Record (Cushner Dep. Ex. 10, 10/8/15)

  xxv. Joint Exhibit 25: Medical Record (Cushner Dep. Ex. 11, 10/8/15)

  xxvi. Joint Exhibit 26: Medical Record (Cushner Dep. Ex. 12, 10/8/15)

  xxvii. Joint Exhibit 27: Medical Record (Cushner Dep. Ex. 13, 10/8/15)

  xxviii. Joint Exhibit 28: Medical Record (Cushner Dep. Ex. 14, 10/8/15)

  xxix. Joint Exhibit 29: Medical Record (Cushner Dep. Ex. 15, 10/8/15)

  xxx. Joint Exhibit 30: Medical Record (Cushner Dep. Ex. 16, 10/8/15)

  xxxi. Joint Exhibit 31: Medical Record (Cushner Dep. Ex. 17, 10/8/15)

  xxxii. Joint Exhibit 32: Medical Record (Cushner Dep. Ex. 18, 10/8/15)

xxxiii.   Joint Exhibit 33:   Medical Record (Cushner Dep. Ex. 19, 10/8/15)

xxxiv.   Joint Exhibit 34:   Dr. Cushner CV (Cushner Dep. Ex. 20, 10/8/15)

xxxv.   Joint Exhibit 35:   Medical Record (Cushner Dep. Ex. 21, 10/8/15)

xxxvi.   Joint Exhibit 36:   Medical Record (Hershman Dep. Ex. 1, 10/19/15)

xxxvii.   Joint Exhibit 37:   Medical Record (Hershman Dep. Ex. 2, 10/19/15)

xxxviii.   Joint Exhibit 38:   Medical Record (Hershman Dep. Ex. 3, 10/19/15)

xxxix.   Joint Exhibit 39:   Dr. Weiss curriculum vitae

xl.   Joint Exhibit 40:   [Intentionally left blank]

xli.   Joint Exhibit 41:   September 15, 2015 Southhampton Hospital knee studies

xlii.   Joint Exhibit 42:   September 15, 2015 Southhampton Hospital radiology report

xliii.   Joint Exhibit 43:   SF-95 Form (USA 0004-0008)

xliv.   Exhibit 44: City Delivery Carriers Duties and Responsibilities (USA 0140-0145)

xlv.   Exhibit 45: Tort Claims Administration (USA 0146-0154)

xlvi.   Exhibit 46: Photograph (Pl.'s Ex.10, 4/14/15)

xlvii.   Exhibit 47: Photograph (Pl.'s Ex.11, 4/14/15)

xlviii.   Exhibit 48: Photograph (Pl.'s Ex.12, 4/14/15)

xlix.   Exhibit 49: Photograph (Pl.'s Ex.1, 5/6/15)

l.   Exhibit 50: Yorkville Physical Therapy office records (Pl.'s Rule 26 Disclosure of 12/30/14)

li.   Exhibit 51: Yorkville Physical Therapy Billing Statement (Pl.'s Rule 26 Disclosure of 12/30/14)

lii.   Exhibit 52: Dr. Cushner's Billing Statements

    liii.  Exhibit 53: Dr. Hirshman's Billing Statements

    liv.  Exhibit 54: Charles Kaner DDS records & bill as to 7/31/13 office visit (Pl's 6/4/14 Rule 26 Disclosure)

    lv.  Exhibit 55: East Manhattan Diagnostic Imaging MRI Films of Left Knee taken 3/11/13

    lvi.  Exhibit 56: East Manhattan Diagnostic Imaging MRI report of films taken 3/11/13

    lvii.  Exhibit 57: East Manhattan Diagnostic Imaging MRI Films of left knee taken 11/25/13

    lviii.  Exhibit 58: East Manhattan Diagnostic Imaging MRI report of films taken 11/25/13 (Pl.'s Rule 26 Disclosure of 12/30/14)

    lix.  Exhibit 59: East Manhattan Diagnostic Imaging Billing for 3/11/13 and 11/25/13 (Pl.'s Rule 26 Disclosure of 12/30/14)

    lx.  Exhibit 60: Lenox Hill Hospital Record of 7/26/13 Surgery (Pl.'s Rule 26 Disclosure of 12/30/14)

    lxi.  Exhibit 61: Lenox Hill Hospital Bill for 7/26/13 surgery (Pl.'s Rule 26 Disclosure of 12/30/14)

  **b. Defense Exhibits Offered by Defendants United States of America, Giffuni Brothers, and Merit Operating Corp.:**

    i.  Defense Exhibit 1:  *In the Matter of Carol Safier*, 187 A.D.2d 198 (1st Dep't 1993)[4]

    ii.  Defense Exhibit 2:  *In the Matter of Carol Safier*, 212 A.D.2d 1 (1st Dep't 1995)[5]

    iii.  Defense Exhibit 3:  *Octavio Hintzpeter v. Carol A. Safier* – Supreme Court, New York County, Index #19049/89 eLaw Case

---

[4] Plaintiff objects to the introduction of this exhibit. Its probative value is outweighed by its likelihood of leading to unfair prejudice, confusing the misleading the jury, undue delay and wasting time (See FRE 403). Admitting the evidence would be in violation of FRE 404. Admission of the evidence would be in violation of FRE 608(b) which does not allow the admission of extrinsic evidence in order to attack a witness's character for truthfulness.

[5] Plaintiff objects to the introduction of this exhibit for the reasons set forth in footnote 3.

       Search[6]

    iv. Defense Exhibit 4: *William Dellalfar v. Carol Safier* – Supreme Court, New York County, Index# 24816/90 eLaw Case Search

    v. Defense Exhibit 5: *Kenneth Levitt v. Carol Safier* – Supreme Court, New York County, Index# 16291/89 eLaw Case Search

    vi. Defense Exhibit 6: *Manuel C. Sy v. Carol Safier* – Supreme Court, New York County, Index #604018/99

    vii. Defense Exhibit 7: *Paul Fisher v. Carol Safier* – Supreme Court, New York County, Index #14463/90

    viii. Defense Exhibit 8: *Rachmani v. Carol Safier* – Supreme Court, New York County, Index #9059/85

    ix. Defense Exhibit 9: *Phillipe Michel v. Carol Safier* – Supreme Court, New York County, Index #23274/88

**X.** **Damages**

  a. Plaintiff is seeking damages for pain and suffering, loss of enjoyment of life, and medical expenses, both past and future.

**XI.** **The parties do not consent to less than a unanimous verdict.**

**XII.** **Pre-trial filings**

  a. Attached as Exhibit A are the joint proposed requests to charge.

  b. Attached as Exhibit B are the joint proposed *voir dire* questions.

  c. Attached as Exhibit C is the joint proposed verdict form.

---

[6] Plaintiff objects to the introduction of the exhibits offered by Defendants in Paragraphs IX.b.iii through IX.b.ix for the reasons stated in footnote 3. Plaintiff further objects on the basis that none of these documents have ever been exchanged.

                            Respectfully submitted,

| | |
|---|---|
| Dated:  New York, New York<br>March 9, 2016 | Dated:  New York, New York<br>March 9, 2016 |
| ZALMAN, SCHNURMAN & MINER P.C.<br>*Attorneys for Plaintiff Carol Kaplan* | PREET BHARARA<br>United States Attorney for the<br>Southern District of New York<br>*Attorney for the United States of America* |
| By:   */s/ Marc Miner*<br>MARC MINER, ESQ.<br>1430 Broadway, Suite 1802<br>New York, New York  10018<br>Tel.: (212) 668-0059<br>Fax.:  (212) 514-7072<br>E-mail: marcminer@1800lawline.com | By:   */s/ Natasha W. Teleanu*<br>LEIGH AARON WASSERSTROM<br>NATASHA WAGLOW TELEANU<br>Assistant United States Attorneys<br>86 Chambers Street, 3rd Floor<br>New York, New York 10007<br>Tel.:  (212) 637-3274/2528<br>Fax:   (212) 637-2786<br>Email:leigh.wasserstrom@usdoj.gov<br>        natasha.waglow@usdoj.gov |

Dated:     New York, New York
            March 9, 2016

COZEN O'CONNOR
*Attorneys for Defendants Giffuni Brothers and Merit Operating Corp.*

By:        */s/ Vincent P. Pozzuto*
      VINCENT P. POZZUTO, ESQ.
      45 Broadway, 16th Floor
      New York, New York 10006
      Tel.: (212) 509-9400
      Fax: (212) 509-9492
      E-mail: vpozzuto@cozen.com